UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| K.C.T., a minor by her grandmother, ) | |
| MARY J. WILLIAMS, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:11-cv-1341-TAB-RLY |
| ) | |
| MICHAEL J. ASTRUE, ) | |
|     Defendant. ) | |

**ORDER ON PLAINTIFF'S COMPLAINT SEEKING JUDICIAL REVIEW**

**I.     Introduction**

Plaintiff Mary Williams seeks judicial review of an Administrative Law Judge's decision denying her minor daughter ("K.C.T.") supplemental social security income under the Social Security Act. [Docket No. 1.] For the reasons below, the decision of the Commissioner is affirmed.

**II.    Discussion**

*A.     Standard of review*

"[A] child is disabled if she has a 'medically determinable physical or mental impairment, which results in marked and severe functional limitations' that 'has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Jelinek v. Astrue*, 662 F.3d 805, 809 (7th Cir. 2011) (citing 42 U.S.C. § 1382c(a)(3)(C)(I)). This assessment requires a three-step inquiry:

> First, if the child is engaged in substantial gainful activity, the ALJ will deny the claim. Second, if the child does not have a severe medical impairment or combination of impairments, then she is not disabled. Third, the child's impairments must meet, medically

1

>    equal, or functionally equal any of the listings contained in 20 C.F.R. Pt. 404,
>    Subpt. P, App. 1.

*Jelinek*, 662 F.3d at 809–10 (citing 20 C.F.R. § 416.924(a)).  "If the Appeals Council denies a request for review, as it did here, the ALJ's decision becomes the final decision of the Commissioner of Social Security."  *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009).  The Court shall reverse the Commissioner's "denial of disability benefits only if the decision is not supported by substantial evidence or is based on an error of law."  *Id.*  "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Blakes v. Barnhart*, 331 F.3d 565, 568 (7th Cir. 2003).

  B. *Substantial evidence*

  Plaintiff challenges the ALJ's step-three determination.  "To determine whether a child functionally equals the listings, the ALJ assesses how a child functions in six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being."  *Binkley ex rel. J.B. v. Astrue*, No. 1:11-CV-00419, 2013 WL 228238, at *10 n.6 (N.D. Ind. Jan. 22, 2013) (citing 20 C.F.R. § 416.926a(b)(1)).  "If the child's impairments cause 'marked' limitations in two domains or an 'extreme' limitation in one domain, the impairments functionally equal the listings and the child will be found disabled."  *Id.* (citing 20 C.F.R. § 416.926a(d)).  Plaintiff asserts that contrary to the ALJ's decision K.C.T. has "marked to extreme limitations in several domains: Acquiring and using information; Attending and completing tasks; and, Interacting and relating with others."  [Docket No. 18 at 16.]  For each of these domains, Plaintiff claims that the ALJ ignored material and contrary evidence.  The

Court disagrees.

For the acquiring and using information domain, Plaintiff claims that the ALJ failed to consider functioning at a fourth grade level, special accommodations in special education classes, a comparison between K.C.T. and nondisabled children, and functioning in the bottom 2% in math computation and bottom 1% in reading comprehension. [Docket No. 18 at 16.] These observations are inaccurate. The ALJ mentioned that K.C.T.'s intelligence is below average and her IQ score is 86. [A.R. at 21.] The ALJ also noted at the outset of her decision that K.C.T. functions at a fourth grade level but was placed in seventh grade due to her size. [A.R. at 19.] The ALJ also considered K.C.T.'s placement in special education classes. [A.R. at 20.] Additionally, the ALJ notes that K.C.T. was below average in English and math. [*Id.*] At the outset of her decision, the ALJ notes that K.C.T. cannot read or spell well. [A.R. at 19.] Finally, Plaintiff cites no authority requiring the ALJ to compare K.C.T. to nondisabled children. Nevertheless, the ALJ noted that K.C.T.'s IQ score was below average, which when considered with the above evidence is sufficient for comparing K.C.T.'s information acquisition skills.

Turning to the domain that addresses attending and completing tasks, Plaintiff claims that the ALJ ignored K.C.T.'s mental problems, erroneously determined that she has no physical limitations, ignored evidence of frustration, and ignored that Plaintiff had to have tests read to her. [Docket No. 18 at 16–17.] Plaintiff, however, does not cite the Court to or give specific examples of mental problems or physical impairments. On the contrary, the ALJ noted that Dr. Sai Nimmagadda testified that the medical records did not reveal any physical limitations and K.C.T.'s psychological exam for the school district revealed an IQ score of 86 and borderline intellectual functioning. [A.R. at 19–20.] Finally, Plaintiff is correct that the ALJ did not

specifically state that teachers read exams to K.C.T. or that she became frustrated with academic tasks. [A.R. at 22, 26.] However, the ALJ need not mention every piece of evidence in the record, *Arnett v. Astue*, 676 F.3d 586, 592 (7th Cir. 2012), and the evidence that the ALJ discussed sufficiently covers Plaintiff's educational problems. Some of this evidence includes Plaintiff's IQ score, fourth grade performance level, inability to read or spell well, special education classes, being picked on at school, and related depression. [A.R. at 19–20.]

The final domain that Plaintiff challenges is interacting and relating with others. Plaintiff claims that the ALJ ignored evidence of fights at school, fights with K.C.T.'s sister and cousin, isolation in her bedroom, irritability, anger, avoidance, and withdraw. [Docket No. 18 at 17.] But the ALJ noted that Plaintiff is often depressed, picked on at school, taking medication for depression, often fights with her sister and cousin, and sometimes stays in her room. Moreover, K.C.T. testified that she gets along with teachers and students and is doing better now that she is taking depression medication. [A.R. at 19–22.] Although the ALJ did not directly address irritability and fights at school, the ALJ considered other fights, instances of avoidance, and the overall issue of depression. As discussed, the ALJ need not mention every piece of evidence in the record so long as she builds a logical bridge from the facts to her conclusion. The ALJ sufficiently did so for each of the challenged domains and Plaintiff has not otherwise argued or shown that the ALJ's step-three determination was not supported by substantial evidence.

  *C.* *Credibility*

Plaintiff asserts that the ALJ failed to make a credibility determination explaining why she did not fully accept Plaintiff's allegations. [Docket No. 18 at 19.] But as Defendant notes, the ALJ considered numerous factors that undermine the extent of the alleged disability. Some

4

of these factors include "medications have significantly improved her mood and functioning," K.C.T. testified that "she enjoyed school and got along with others," she has some special education classes but has been placed in seventh grade with peers, and she is performing below seventh grade level but "is not failing classes and has achieved passing grades in her subjects." [A.R. at 21–22.] Records from Hillsdale Clinic also reveal that K.C.T. was treated with therapy and medications, is now doing well on her medications, is happier, and her attitude is better. [A.R. at 20.] Even if the ALJ failed to make an appropriate credibility determination, Plaintiff fails to explain why such an error would not be harmless. Accordingly, the ALJ's credibility determination is not an adequate basis for remand.

    *D.*    *Right to counsel*

Plaintiff also claims that K.C.T. was prejudiced at the administrative hearing because K.C.T. was not represented by counsel and did not waive her right. [Docket No. 18 at 12.] The right to be represented by counsel at a disability hearing is statutory but the right may be waived. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "To ensure valid waivers, ALJs must explain to *pro se* claimants '(1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees.'" *Id.*

K.C.T.'s legal counsel withdrew prior to the hearing. At the hearing, the ALJ informed Plaintiff of the right to counsel, but Plaintiff claims that her responses to the ALJ's questions indicate that she did not understand the role of an attorney and therefore could not have validly waived the right to counsel. [Docket No. 18 at 12.] But a review of the hearing transcript reveals that the ALJ fully informed Plaintiff of her right to counsel, how counsel may assist in

the proceeding, and how to obtain counsel. [A.R. at 33.] The ALJ then asked Plaintiff is she understood her rights and she answered "Well - I -- yes." [A.R. at 34.] The partial portion of the transcript that Defendant references indicates that Plaintiff did not understand the appeal process at first, but the ALJ reexplained the process and Plaintiff indicated that she understood. [*Id.*] Plaintiff then orally waived her right to counsel and signed a waiver that advised her of the right to counsel and the manner in which an attorney could assist and be retained. [A.R. at 35–36.] Thus, Plaintiff's contention that she did not understand her right to counsel is based on a partial and inaccurate review of the hearing transcript. In any event, Plaintiff seemingly had the assistance of counsel prior to the hearing in preparing a record and Plaintiff, who is now represented by counsel, has not submitted or identified any additional evidence that she contends should have been considered.

### III.   Conclusion

For the reasons above, the decision of the Commissioner is affirmed. Judgment shall issue accordingly.

DATED:  03/11/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com